DICKINSON, Presiding Justice,
concurring:
¶ 16. I join the majority's precise application of our precedent on sentencing enhancements — as that precedent currently stands. But I write separately to explain why I believe this Court should carefully consider whether “sentence enhancements” that result from conduct that occurred during the commission of the crime being charged are, in truth, not sentence enhancements at all, but rather are elements of the crime, requiring a grand-jury indictment and a finding beyond a reasonable doubt by a petit jury.
¶ 17. In Mississippi, the maximum sentence for first-offense trespass — a misdemeanor — is a $250 fine. Suppose the Legislature abolished the crime of burglary and, in its place, added the following “sentence enhancement” to trespass:
Except to the extent that a greater minimum sentence is otherwise provided by any other provision of law, any convicted trespasser whose trespass was committed by breaking and, entering the dwelling of another with the intent to commit a crime during the commission of the trespass shall, in addition to the punishment provided for such trespass, be sentenced to an additional term of imprisonment in the custody of the Department of Corrections of not less than three (3) years nor more than twenty-five (25) years, which sentence shall not be reduced or suspended.
¶ 18. This “sentence enhancement”— which, according to our current precedent, need not be included in the indictment— elevates the misdemeanor to a felony. The same would be true if the Legislature abolished capital crimes and made death a “sentence enhancement” to murder. Likewise, this would apply if the Legislature abolished the crimes of possession of illegal drugs with intent to sell .and drug trafficking and added “sentence enhancements” to a drug-possession conviction for intent to sell and for trafficking.
¶ 19. Simply put, it seems to me we should consider whether the firearms “sentence enhancement” constitutes a separate criminal offense which requires indictment by a grand jury and conviction by a petit jury.
¶20. The “sentence enhancement” at issue in this case states:
(2) Except to the extent that a greater minimum sentence is otherwise provided by any other provision of law, any convicted felon who uses or displays a firearm during the commission of any felony shall, in addition to the punishment provided for such felony, be sentenced to an additional term of imprisonment in the custody of the Department of Corrections of ten (10) years, to run consecutively, not concurrently, which sentence shall not be reduced or suspended.[5]
*766 The statute punishes any convicted felon who uses a firearm during the commission of a felony with ten years’ incarceration.
¶ 21. In speaking to the question of when a fact in a case becomes an element of the crime, Justice Thomas stated in Apprendi v. New Jersey:
A long line of essentially uniform authority addressing accusations, and stretching from the earliest reported cases after the founding until well into the 20th century, establishes that the original understanding of which facts are elements was even broader than the rule that the Court adopts today.[6]
Based on the common-law view, he found “that a ‘crime’ includes every fact that is by law a basis for imposing or increasing punishment.”[7] So:
if the legislature defines some core crime and then provides for increasing the punishment of that crime upon a finding of some aggravating fact — of whatever sort, including the fact of a prior conviction — the core crime and the aggravating fact together constitute an aggravated crime, just as much as grand larceny is an aggravated form of petit larceny.[8]
¶22. Justice Thomas’s view — that every aggravating fact affecting the sentence should be determined by the grand jury— may go too far. But where the Legislature increases the maximum punishment for an aggravating fact that is a part of the crime itself — such as the use of a gun while committing the crime — it seems to me that aggravating fact becomes an element of the crime, rather than a sentence enhancement.
¶ 28. Stated another way, if the firearms enhancement is to be used by the prosecution to increase the maximum penalty beyond the penalty of the crime for which the accused was indicted, it surely elevates the underlying offense into an aggravated form of the substantive offense. So perhaps we should call it what it is: a substantive offense, not a sentencing enhancement.
¶ 24. If prospective acts that result in a prison sentence are elements of a crime, then they require indictment by a grand jury. And neither disguising them as “sentencing enhancements” nor providing the defendant fair notice cures that constitutional infirmity. The constitutional requirement of an indictment for criminal conduct very well may be, in part, to provide notice. But the primary purpose is to place ordinary citizens between the power of the State and the accused. These citizens — these grand jurors — have the sole authority under the law to decide whether the prosecutor may proceed with a criminal trial. For this reason, I cannot agree with Presiding Justice Randolph’s views.
¶ 25. Until the issue is brought before this Court in a proper case, and a majority of this Court agrees that prospective conduct — regardless of how it may be labeled by this Court or' the Legislature — may not be prosecuted without an indictment, I will continue to join majority opinions — like Justice King’s in this case — that protect a defendant’s right to notice that the State intends to utilize a sentencing enhancement.
KITCHENS, CHANDLER AND COLEMAN, JJ„ JOIN THIS OPINION.

. Miss.Code Ann. § 97-37-37(2) (Rev. 2014).

. Apprendi v. New Jersey, 530 U.S. 466, 501, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (Thomas, J., concurring).

. Id.

. Id.